CARPENTER *vs.* THE EASTON AND AMBOY RAILROAD COMPANY.

1. In estimating the damages sustained by a complainant for the destruction of a lane on his land by the embankment of a railroad company, in a case where relief is sought in the premises by injunction against the company on the ground of estoppel, or because compensation has not been made to the complainant in the award under the company's charter, no damages are to be assessed except such as necessarily flow from the particular injury.

2. The award of commissioners appointed to assess such damages, not being approved by the court, an issue was ordered, and the *ad interim* injunction dissolved, on terms of payment of the amount awarded by the commissioners into court, and undertaking to try the issue at the next circuit of the county.

On the coming in of the report of the commissioners appointed to assess the complainant's damages, the parties were heard for and against approving the award.

*Mr. J. M. Robeson* and *Mr. Vanatta,* for complainant.

*Mr. Shipman* and *Mr. T. N. McCarter,* for defendants.

THE CHANCELLOR.

In order to ascertain the amount of damages which the defendants should be required to pay to the complainant as terms on which the court would refrain from making absolute the order to shew cause why an injunction should not be issued pursuant to the prayer of the bill, a reference was made to the commissioners who, by appointment under the defendants' charter, had appraised the value of his land taken by the company, and assessed his damages in respect to the condemnation. Their report was to be subject to the approval of this court. Having been sworn, they proceeded to the discharge of their duty in the premises, and their award is before me. It fixes the damages which the complainant will sustain by the closing of the lane mentioned in the bill,

at $8467.50. This is in addition to the award of $3232, made by them on the condemnation of the land, for the value of land taken and damages. To that award the company added, in the settlement which was made between them and the complainant, $500. It appears that since that settlement the company purchased from the complainant a lot of sixty-eight one-hundredths of an acre of the farm, with some view at least to his accommodation, (for he testifies that the privilege is secured to him by the deed,) in providing access over it for his cattle to the creek, and also, it would seem, of furnishing him means of communication between the parts of his farm which would be separated by their embankment. For this small lot they paid him, though it was without improvements, $800. If the award in this cause be approved and paid, the complainant will have received for land taken by and sold to the company, out of the farm, (in all six acres and sixteen one-hundredths of an acre,) and damages awarded to him, $12,999.50. There are about one hundred and thirty-six acres of the farm on the south side of the embankment, and about eighteen acres, with the buildings, on the north side. The complainant values the latter at this time, as appears from his testimony before the commissioners, at $17,000. This is an estimate of value in connection with the rest of the farm. He says, he considers the eighteen acres with the improvements on it, will be worth to the farm " with the water and front to it," after the embankment shall have closed up the lane, and the company shall have furnished the best substitute for it they can, $17,000. The complainant fixes the value of the eighteen acres, without the buildings and other improvements, only at $200 an acre, and the value of the improvements at about $8000, so that about $5500 of the estimated value of this part of the property must be due to the importance of the improvements on it to the rest of the farm. The awards, including the $500 paid on the settlement and the price received by the complainant for the fraction of an acre sold to the company, together amount to within a few cents of $13,000. Add to

this the complainant's valuation, ($17,000) of the eighteen acres with the improvements upon them, and the result is $30,000. Now the complainant's brother testified before the commissioners, that the value of the whole property, without the railroad, is $135 or $140 an acre. At the latter price its value would be (there having been about one hundred and sixty-one acres in the farm when the condemnation took place) less than $23,000. The awards, with the amount added in settlement, and that received for the lot sold to the company, and the estimated value of the eighteen acres, exceed this by over $7000, and the value of the one hundred and thirty-six acres south of the embankment still remains to be taken into the account. It seems quite impossible to avoid the conclusion that the award under consideration is excessive.

But apart from figures and calculations and comparisons of values, the award is made up on an erroneous principle, and cannot, for that reason, be approved. It is based on the assumption, that the closing of the lane will render necessary new buildings on the part of the farm lying south of the embankment, and that the complainant, therefore, is entitled for his compensation to the cost of improvements, equal in value and convenience to those on the other part of the farm. That this view cannot be maintained, is evident from the complainant's own testimony, above referred to. The cost of such improvements cannot properly enter into the account. The bill was filed to restrain the defendants from filling up the lane by which the complainant had convenient communication between the two parts into which his farm is divided by the embankment. The only injury that can legitimately enter into the calculation, in fixing the amount of compensation, is that which the complainant will sustain by being deprived of this means of communication. He now has at least one other. He may reach his fields, which will be cut off from his buildings by the closing of the lane, by way of the public road. Other ways, less convenient than the existing lane, but nevertheless practicable, may be provided on the farm itself. Those proposed by the com-

pany are within this description. The company are bound, by their charter, to provide a suitable farm way in place of that which their embankment will destroy. I am unable, from the testimony taken by the commissioners and returned with the award, directed as the greater part of it is to the estimate of the value of new buildings, to determine what would be proper compensation in the premises. For the reasons given, I cannot approve the award. With a view to a speedy and satisfactory determination of the controversy between the parties, the question as to the amount of damages was referred to the commissioners. Their award having proved unsatisfactory, and further delay in fixing the amount being inevitable, the defendants' work should not be longer stayed, if it may be permitted to proceed without prejudice to the rights of the complainant. His rights will be protected. On the other hand, theirs will not be disregarded. The inquiry is eminently proper for a jury. I shall therefore direct that an issue be framed to that end, and on the defendants' paying into court the amount of the award to answer the complainant's damages, and undertaking to try the issue at the next Warren circuit, the *ad interim* injunction will be dissolved.